**PHILIP E. KOEBEL**, Esq. [Cal. SBN 249899]
Koebel Law Offices
Post Office Box 94799
Pasadena, CA  91109
[Office: 1015 N. Lake Ave., Ste. 210, Pasadena, CA 91104]
Tel:   (626) 629-8199
Fax:  (626) 410-1149
Eml:  LawOfPEK@gmail.com

Attorney for Debtor
SILVIA VERONICA VENEGAS

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Bankruptcy No.:    1:15-bk-12379-MB<br>*Filed 07/11/2015* |
| SILVIA VERONICA VENEGAS, | |
| Debtor. | Adversary No.:    1:16-ap-01054-MB<br>*Filed 04/04/2016* |
| Silvia Venegas, | FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF: |
| Plaintiff, | |
| vs. | 1.  Wrongful Foreclosure – Void Assignment – First Mortgage; |
| ColFin AI-CA 5 LLC, Strategic Acquisitions Inc., Mortgage Electronic Registration Systems Inc., HSBC Bank USA NA as Trustee for Nomura Home Equity Loan Trust Series 2006-HE2, Ocwen Loan Servicing LLC, Deutsche Bank National Trust Co. as Trustee for Terwin Mortgage Trust Series 2006-8, Specialized Loan Servicing LLC, Western Progressive Trustee LLC, | 2.  Unfair Competition Law – First Mortgage;<br>3.  Promissory Estoppel;<br>4.  Disallow First Mortgage;<br>5.  Void Assignment – Second Mortgage;<br>6.  Unfair Competition Law – Second Mortgage;<br>7.  Disallow Second Mortgage;<br>8.  Accounting Foreclosure Proceeds;<br>9.  Turn Over Foreclosure Proceeds;<br>10. Collusion and Bid-Rigging; |

Law Offices of Les Zieve, Noemi Morales, David Cotton, Chris Heinichen, Tunisha Jennings, Sean Pathammavong, Peter Baer, Alex Orozco, Robin Mathews,

    Defendants.

11. Declare 2013 Trustee's Deed Upon Sale recorded Void *ab initio*;
12. Avoid Correction of Void Trustee's Deed Upon Sale [§544(a)(3)];
13. Avoid Foreclosure as actually fraudulent transfer [§548(a)(1)];
14. Avoid Foreclosure as actually fraudulent transfer [§544(b)(1), Civ.C. §3439.04(a)(1)];
15. Avoid Foreclosure as constructively fraudulent transfer [§548(a)(2)];
16. Avoid Foreclosure as constructively fraudulent transfer [§544(b)(1), Civ.C. §§ 3439.04(a)(2), 3439.05];
17. Recover Real Property and Quiet Title.

Comes now, the Debtor Silvia Venegas as Plaintiff in this adversary proceeding, to allege the following facts and assert the following claims for damages and for declaratory and injunctive relief. This first amended complaint is prepared and filed as a matter of course within twenty-one (21) days of the service of a motion under Rule 12(b). Fed.R.Civ.P. Rule 15(a)(1)(B), Fed.R.Bankr.P. Rule 7015.

## I.

## JURISDICTION AND VENUE

1.01. This adversary proceeding (hereinafter "the Action") is a core proceeding as the primary claims for relief arise under 11 U.S.C. §§ 101-1330 (hereinafter "the Code"). Any ancillary federal law claims not arising under the Code are inextricably intertwined with claims arising under the Code. Likewise, any state law claims are inextricably intertwined with claims arising under the Code and this court has supplemental jurisdiction.

1.02.  The bankruptcy court has jurisdiction pursuant to 28 U.S.C. §§ 157, 1334, and by reference from the United States District Court, Central District of California. General Order No. 266 (1984), as amended by General Order No. 269 (1985) and General Order No. 266-A (1995).

1.03.  Venue is proper pursuant to 28 U.S.C. §§ 1408, 1409 and by reference.

1.04.  Plaintiff consents to entry of final orders or judgments by the bankruptcy court of federal law claims and of state law claims.

1.05.  Plaintiff is informed and believes and thereon alleges that the following Defendants have consented, or waived objection to, entry of final orders or judgments by the bankruptcy court of federal law claims and of state law claims: ColFin AI-CA 5 LLC, Peter Baer, Strategic Acquisitions Inc., Alex Orozco, Mortgage Electronic Registration Systems Inc., HSBC Bank USA NA as Trustee for Nomura Home Equity Loan Trust Series 2006-HE2, Ocwen Loan Servicing LLC, and Western Progressive Trustee LLC.

1.06.  If any other necessary party does not consent, expressly or impliedly, to the entry of final orders or judgments by the bankruptcy court, good cause may arise to require the district court to withdraw the reference of this adversary proceeding and/or the entire bankruptcy case pursuant to Article III of the U.S. Constitution, 28 U.S.C. § 157(d), rule 5011 of Fed. Rules of Bankr. P., rule 9 (5011-9) of Local Rules Governing Bankruptcy Appeals, Cases and Proceedings, and rule 5011-1 of Local Bankruptcy Rules.

1.07.  Plaintiff demands a jury trial.

## II.
## BRIEF STATEMENT OF CASE

2.01.  Plaintiff is the true owner of real property located at 7443 Gaviota Avenue, Van Nuys, California 91406 (hereinafter "Subject Property") located in Los

Angeles County by virtue of a grant deed and interspousal transfer deed. Plaintiff and her family and tenant are in possession of the Subject Property.

2.02.  To purchase the property in 2005, Plaintiff executed a first mortgage and second mortgage with Defendant Ownit Mortgage Solutions, Inc., which filed for Chapter 11 bankruptcy protection in 2006.

2.03.  A 2011 assignment of the first mortgage was void because it was not authorized by the lender or an agent for the lender and it occurred more than four years after the securitized trust closed. The 2011 assignment was a false or forged document and its execution and recording were felonies under California law. Subsequently executed and recorded instruments were also void *ab initio* and illegal, including a 2012 notice of default, a 2013 substitution of trustee, and a 2013 notice of trustee's sale.

2.04.  The original lender was not allowed to enforce the first mortgage nor was the purported assignee, nor the purported assignee's loan servicer.

2.04.  In 2013, Plaintiff applied for a loan modification of the first mortgage with the purported loan servicer Defendant Ocwen Loan Servicing LLC. Plaintiff detrimentally relied upon Defendant's statements pertaining to her submission of a complete application to not take any action to protect her home from foreclosure.

2.05.  Without authority from the beneficiary under the first mortgage, Defendant Western Progressive Trustee, LLC caused the Subject Property to be foreclosed upon and purported to sell the Property. The sale was void *ab initio* because all the nonjudicial foreclosure

2.06.  In addition, the 2013 trustee's deed upon sale purporting to convey title to the property was materially altered before it was recorded, which also made it void *ab initio*. No corrected trustee's deed was recorded prior to the Plaintiff filing the instant bankruptcy.

2.07.  The foreclosure trustee paid out on the first mortgage and second mortgage

despite the void 2011 assignment of the first mortgage and a similarly late void assignment in 2014 (after the foreclosure sale) of the second mortgage. The foreclosure trustee has refused to provide an accounting upon demand.

2.08.   Plaintiff may stand in the shoes of the Chapter 13 trustee to avoid the foreclosure as a fraudulent transfer. 11 U.S.C. § 522(h); *In re DeMarah*, 62 F.3d 1248, 1250 (9th Cir. 1995).

2.09.   Because the foreclosure sale was made with actual intent to hinder, delay or defraud other creditors, it may be avoided as an actually fraudulent transfer. *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 535, 545-546 (1994).

2.10.   The foreclosure may also be avoided as a constructively fraudulent transfer because of the extreme irregularities in the nonjudicial foreclosure proceedings and because the sale provided no value whatsoever to the Debtor-Plaintiff. *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 535, 545-546 (1994).

2.11.   The Plaintiff is entitled to recover clear and quiet title to the Subject Property or the full present value of the Subject Property. Plaintiff may also be entitled to recover the foreclosure proceeds. At the very least, the Plaintiff-Debtor is entitled to her exemption amount on the value – either the "homestead" exemption of $100,000.00 or the "wild-card" exemption.

2.12.   Defendant ColFin AI-CA 5 LLC (hereinafter "ColFin") is not protected from liability because they are not a bona fide purchaser for value without notice of adverse interests or foreclosure irregularities. Even if ColFin is deemed to be a transferee of the real property for value and in good faith, they will not have "a lien on or may retain any interest transferred … to the extent that [they] gave value to the debtor in exchange for such transfer" as their purchase provided no value to the debtor. 11 U.S.C. § 548(c).

//
//

III.

PARTIES

3.01.  Silvia Venegas, ("Plaintiff"), is an individual residing in Los Angeles County
at all times relevant to these proceedings. She is the Debtor in Chapter 13
bankruptcy case 1:15-bk-12379-MB filed on July 11, 2015.

3.02.  ColFin AI-CA 5 LLC, Defendant ("ColFin"), is a California limited liability
company located in Los Angeles County. They purport to hold title to the
Subject Property.

3.03.  Strategic Acquisitions Inc., Defendant ("Strategic"), is a California
corporation located in Los Angeles County. They purport to have acquired
title to the Subject Property as agent for ColFin at a foreclosure auction
conducted on or about July 12, 2013.

3.04.  Mortgage Electronic Registration Systems Inc., Defendant ("MERS"), is a
California corporation located in Los Angeles County. They were the
nominee for the original beneficiary Ownit on the first mortgage and the
second mortgage.

3.05.  HSBC Bank USA NA as Trustee for Nomura Home Equity Loan Trust
Series 2006-HE2, Defendant ("Nomura 2006-HE2"), is a national banking
association and a California corporation located in Los Angeles County.
They are the trustee of a securitized trust organized under Delaware state
law. The trustee and trust are sued collectively as Defendant Nomura 2006-
HE2.

3.06.  Ocwen Loan Servicing LLC, Defendant ("Ocwen"), is a California /
Delaware corporation located in Palm Beach County, Florida. They were the
loan servicer of the first mortgage at all times relevant to these proceedings.

3.07.  Deutsche Bank National Trust Co. as Trustee for Terwin Mortgage Trust
Series 2006-8, Defendant ("Terwin 2006-8"), is a California corporation

located in Los Angeles County. They are the trustee of a securitized trust organized under New York state law. The trustee and trust are sued collectively as Defendant Terwin 2006-8.

3.08.  Specialized Loan Servicing LLC, Defendant ("Specialized"), is a California / Delaware corporation located in Los Angeles County. They were the loan servicer of the second mortgage at all times relevant to these proceedings.

3.09.  Western Progressive LLC, Defendant ("Western"), is a California corporation located in Los Angeles County. They were the foreclosure trustee that conducted the 2013 foreclosure auction.

3.10.  Law Offices of Les Zieve, Defendant ("Zieve"), is a California corporation located in Los Angeles County. They were responsible for the foreclosure proceeds.

3.11.  Noemi Morales, Defendant ("Morales"), is an individual residing or working in Palm Beach County, Florida at all times relevant to these proceedings. She executed the purported assignment of the first mortgage in 2011.

3.12.  Robin Mathews, Defendant ("Mathews"), is an individual residing or working in Tarrant County, Texas at all times relevant to these proceedings, probably as an employee or agent of Defendants Terwin 2006-8, Specialized, and MERS. He executed the assignment of the second mortgage in 2014.

3.13.  David Cotton, Defendant ("Cotton"), is an individual residing or working in in Dekalb County, Georgia at all times relevant to these proceedings, probably as an employee of Defendant Western. He executed the 2012 notice of default.

3.14.  Chris Heinichen, Defendant ("Heinichen"), is an individual residing or working in Palm Beach County, Florida at all times relevant to these proceedings, probably as an employee or agent of Defendants Nomura 2006-HE2 and Ocwen. He executed the substitution of trustee on the first mortgage in 2013.

3.15.  Tunisha Jennings, Defendant ("Jennings"), is an individual residing or working in Orange County, California at all times relevant to these proceedings, probably as an employee of Defendant Western. She executed the 2013 notice of trustee's sale.

3.16.  Sean Pathammavong, Defendant ("Pathammavong"), is an individual residing or working in Dekalb County, Georgia at all times relevant to these proceedings, probably as an employee of Defendant Western. He executed the trustee's deed upon sale in 2013.

3.17.  Peter Baer, Defendant ("Baer"), is an individual residing or working in Los Angeles County at all times relevant to these proceedings, probably as the principal, employee or agent of Defendants ColFin and Strategic. He verified the first unlawful detainer action as an officer of Defendant ColFin.

3.18.  Alex Orozco, Defendant ("Orozco"), is an individual residing or working in Los Angeles County at all times relevant to these proceedings. He was the Strategic employee or agent who bid on the Subject Property at the foreclosure auction.

3.19.  Ownit Mortgage Solutions Inc., Former Defendant ("Ownit"), is a California corporation located in Los Angeles County that has been suspended from operation by the Franchise Tax Board. They were the original lender and the beneficiary on the first mortgage and the second mortgage. In 2006, they filed Chapter 11 bankruptcy, which is why they are not a defendant in this action.

3.20.  LSI Chicago Title, Former Defendant ("LSI"), is a California corporation located in Los Angeles County. They are the original trustee on both the first mortgage and the second mortgage.

# IV.

## STATEMENT OF FACTS

### Plaintiff's Title

4.01.  Plaintiff is the true owner of real property located at 7443 Gaviota Avenue, Van Nuys, California 91406 (hereinafter "Subject Property") located in Los Angeles County by virtue of a grant deed and interspousal transfer deed recorded on November 15, 2005 as instruments # 05-2745132 and 05-2745133, respectively. She purchased it in 2005 for $585,000.00.

4.02.  Plaintiff and her family and tenant have been and are in possession of the Subject Property at all times relevant to these proceedings.

4.03.  The legal description of the Subject Property is "Lot 71 of Tract No. 13064, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 282, Page 13 and 14 of Maps, in the Office of the County Recorder of Said County."  The assessor's parcel number is # 2206-021-018.

### First Mortgage and Second Mortgage Executed Together

4.04.  On or about October 27, 2005, Plaintiff executed a first mortgage, consisting of note and deed of trust, with Ownit for $468,000.00 and a second mortgage with Ownit for $117,000.00 combining for 100% of the purchase price of $585,000.00.

4.05.  The Plaintiff is prevented from asserting any claims against Ownit for predatory lending due to Ownit's Chapter 11 bankruptcy filing.

4.06.  On November 15, 2005, the deeds of trust on the first mortgage was recorded with the County of Los Angeles as instrument #05-2745134.

4.07.  Immediately thereafter, the deed of trust on the second mortgage was recorded as instrument # 05-2745135.

4.08.  Plaintiff is informed and believes that the first mortgage was never assigned to any successor lender.

4.09.  Plaintiff is informed and believes that the second mortgage was never assigned to any successor lender.

### Original Lender Ownit's Chapter 11 Bankruptcy

4.10.  On or about December 28, 2006, Plaintiff is informed and believes that the original lender Ownit entered Chapter 11 bankruptcy.

4.11.  On or about January 17, 2008, Plaintiff is informed and believes that Ownit's Third Amended Chapter 11 Plan was confirmed by United States Bankruptcy Judge Victoria Kaufman. See 1:06-bk-12579-VK, Doc 1467, 1467-1, Filed 01/16/08, Entered 01/17/08.

### Confirmed Plan Rejected MERS as Nominee for Ownit and Successors

4.12.  Plaintiff is informed and believes that Ownit's executory contract with Defendant MERS as "nominee" for Ownit and its successors was rejected as a matter of law in Ownit's Chapter 11 bankruptcy case. See 1:06-bk-12579-VK, Doc 1467, Pages 4-5, and Doc 1467-1, Pages 3, 28.

4.13.  Plaintiff is informed and believes that Defendant MERS was not the nominee for Ownit and its successors at any time after January 17, 2008 if not earlier.

//
//
//

## Purported 2011 Assignment of First Mortgage was Void *ab initio*

4.14.  On or about October 28, 2011, the first mortgage was purportedly assigned to Defendant Nomura 2006-HE2 ("2011 Assignment of First Mortgage"). The 2011 Assignment was executed by Defendant Morales with the title of "Assistant Secretary" of Defendant MERS. Defendant Morales' signature was witnessed by Notary Public Leticia N. Arias in the County of Palm Beach, State of Florida.

4.15.  On November 2011, the 2011 Assignment of First Mortgage was recorded as instrument # 20111498068 by Defendants Nomura 2006-HE2, Ocwen and MERS. A true and correct copy is attached hereto as Exhibit 1.

4.16.  Plaintiff is informed and believes that Defendant MERS was not the nominee for Ownit and its successors in 2011 because Ownit's Confirmed Third Amended Chapter 11 Plan rejected the executory contract of MERS as Nominee.

4.17.  Plaintiff is informed and believes that Defendants MERS and Morales were not authorized to execute the 2011 Assignment.

4.18.  Plaintiff is informed and believes that Defendants Nomura 2006-HE2, Ocwen and/or MERS were not authorized to cause the 2011 Assignment to be recorded.

4.19.  Plaintiff is informed and believes that the 2011 Assignment is a false or forged document or instrument as anticipated by California Penal Code Sections 115, 115.5.

4.20.  Plaintiff is informed and believes that the procuring or filing of the 2011 Assignment is a felony pursuant to Cal. Penal Code Section 115(a), which "is punishable, in addition to any other punishment, by a fine not exceeding seventy-five thousand dollars ($75,000)" pursuant to Cal. Penal Code Section 115.5.

4.21.  Plaintiff is informed and believes that Defendants MERS, Morales, Nomura 2006-HE2, and Ocwen are each guilty of a felony.

4.22.  Plaintiff did not receive notice of the transfer of the first mortgage in 2011 nor at any other time as required by 15 U.S.C. §1641(g).

4.23.  Plaintiff is informed and believes and thereon alleges that Defendant Nomura 2006-HE2 is a securitized trust organized under Delaware state law for state and federal tax purposes consisting of a pool or pools of mortgages. Plaintiff is informed and believes and thereon alleges that **the Closing Date for Nomura 2006-HE2 was April 28, 2006**. Plaintiff is informed and believes and thereon alleges that state or federal law or the Defendant's own pooling and servicing agreement prohibited the assignment of mortgages to Nomura 2006-HE2 after the Closing Date or within ninety (90) days of the Closing Date or within two (2) years of the Closing Date. Plaintiff is informed and believes and thereon alleges that a late assignment of a mortgage to Defendant Nomura 2006-HE2 is void.

4.24.  Plaintiff is informed and believes and thereon alleges that the first mortgage was not timely assigned to Defendant Nomura 2006-HE2. Plaintiff has no knowledge that the first mortgage was timely assigned to Defendant Nomura 2006-HE2.

4.25.  Plaintiff is informed and believes and thereon alleges that the 2011 Assignment of First Mortgage was void *ab initio*.

4.26.  Plaintiff is informed and believes and thereon alleges that the 2011 Assignment is a violation of California's Unfair Competition Laws.

4.27.  Plaintiff is informed and believes and thereon alleges that Defendant Nomura 2006-HE2 did not become the beneficiary under the first mortgage in 2011 nor at any other time.

4.28.  Plaintiff is informed and believes and thereon alleges that Defendants Nomura 2006-HE2 and Ocwen were not entitled to receive payments made

on the first mortgage, they were not entitled to initiate foreclosure, and they were not entitled to proceeds from the foreclosure sale.

**Purported 2014 Assignment of Second Mortgage was Void *ab initio***

4.29.   On or about December 30, 2013, a 2014 Assignment of the second mortgage to Defendant Terwin 2006-8 was purportedly executed by Defendant Mathews as "Assistant Secretary" for "Mortgage Electronic Registration Systems, Inc. ("MERS") as Nominee for Ownit Mortgage Solutions, Inc., a California Corporation its Successors and Assigns."

4.30.   On January 10, 2014, the 2014 Assignment of Second Mortgage was recorded as instrument # 20140031297 by Defendants Terwin 2006-8, Specialized and MERS. A true and correct copy is attached hereto as Exhibit 2.

4.31.   Plaintiff is informed and believes that Defendant MERS was not the nominee for Ownit and its successors in 2013 or 2014 because Ownit's Confirmed Third Amended Chapter 11 Plan rejected the executory contract of MERS as Nominee.

4.32.   Plaintiff is informed and believes that Defendants MERS and Mathews were not authorized to execute the 2014 Assignment of Second Mortgage.

4.33.   Plaintiff is informed and believes that Defendants Terwin 2006-8, Specialized and MERS were not authorized to cause the 2011 Assignment to be recorded.

4.34.   Plaintiff is informed and believes and thereon alleges that Defendant Terwin 2006-8 is a securitized trust organized under Delaware or New York state law for state and federal tax purposes consisting of a pool or pools of mortgages. Plaintiff is informed and believes and thereon alleges that **the Closing Date for Terwin 2006-8 was a date in 2006 no later than**

**December 31, 2006**. Plaintiff is informed and believes and thereon alleges that state or federal law or the defendant's own pooling and servicing agreement prohibited the assignment of mortgages to Defendant Terwin 2006-8 after the Closing Date or within ninety (90) days of the Closing Date or within two (2) years of the Closing Date. Plaintiff is informed and believes and thereon alleges that a late assignment of a mortgage to Defendant Terwin 2006-8 is void.

4.35.   Plaintiff is informed and believes and thereon alleges that the second mortgage was not timely assigned to Defendant Terwin 2006-8. Plaintiff has no knowledge that the second mortgage was timely assigned to Defendant Terwin 2006-8.

4.36.   Plaintiff did not receive notice of the transfer of the second mortgage in 2013 or 2014 nor at any other time as required by 15 U.S.C. §1641(g).

4.37.   Plaintiff is informed and believes and thereon alleges that the 2014 Assignment of the second mortgage was void *ab initio*.

4.38.   Plaintiff is informed and believes and thereon alleges that Defendant Terwin 2006-8 did not become the beneficiary under the second mortgage in 2013 or 2014 nor at any other time.

4.39.   Plaintiff is informed and believes that the 2014 Assignment of Second Mortgage is a false or forged document or instrument as anticipated by California Penal Code Sections 115, 115.5.

4.40.   Plaintiff is informed and believes that the procuring or filing of the 2014 Assignment of Second Mortgage is a felony pursuant to Cal. Penal Code Section 115(a), which "is punishable, in addition to any other punishment, by a fine not exceeding seventy-five thousand dollars ($75,000)" pursuant to Cal. Penal Code Section 115.5.

4.41.   Plaintiff is informed and believes that Defendants MERS, Mathews, Terwin 2006-8, and Specialized are each guilty of a felony.

4.42.  Plaintiff is informed and believes and thereon alleges that the 2014
       Assignment of the second mortgage is a violation of California's Unfair
       Competition Laws.

4.43.  Plaintiff is informed and believes and thereon alleges that Defendants
       Terwin 2006-8 and Specialized were not entitled to receive payments made
       on the second mortgage or to receive proceeds from the foreclosure sale.

**Purported 2012 Notice of Default was Void *ab initio***

4.44.  On or about January 18, 2012, a notice of default was purportedly executed
       against the first mortgage by David Cotton, Authorized Agent for Defendant
       Western Progressive "as agent for beneficiary" ("2012 NOD").

4.45.  On or about January 19, 2012, the 2012 NOD was recorded as instrument #
       20120094742 by Defendants Ocwen, Nomura 2006-HE2, and/or Western
       Progressive.

4.46.  Plaintiff is informed and believes and thereon alleges that the 2012 NOD
       was not authorized by any present beneficiary of the first mortgage.

4.47.  Plaintiff is informed and believes and thereon alleges that Defendants Cotton
       and Western Progressive were not agents for the beneficiary of the first
       mortgage.

4.48.  Plaintiff is informed and believes that the 2012 NOD is a false or forged
       document or instrument as anticipated by California Penal Code Sections
       115, 115.5.

4.49.  Plaintiff is informed and believes that the procuring or filing of the 2012
       NOD is a felony pursuant to Cal. Penal Code Section 115(a), which "is
       punishable, in addition to any other punishment, by a fine not exceeding
       seventy-five thousand dollars ($75,000)" pursuant to Cal. Penal Code
       Section 115.5.

4.50.  Plaintiff is informed and believes that Defendants Ocwen, Nomura 2006-HE2, Western Progressive, and/or Cotton are each guilty of a felony for procuring and filing the 2012 NOD.

## Purported 2013 Substitution of Trustee was Void *ab initio*

4.51.  On or about March 19, 2013, a substitution of trustee was purportedly executed substituting Defendant Western in as successor trustee under the deed of trust securing the first mortgage ("2013 Substitution"). The 2013 Substitution was executed by Defendant Heinichen with the title of "Contract Manager" on behalf of "HSBC Bank USA, N.A., as Trustee for the registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2, By Ocwen Loan Servicing, LLC, its attorney-in-fact."

4.52.  On April 24, 2013, the 2013 Substitution was recorded as instrument # 20130611590 by Defendants Ocwen, Nomura 2006-HE2, and Western.

4.53.  Plaintiff is informed and believes and thereon alleges that the 2013 Substitution was void *ab initio* because Defendant Nomura 2006-HE2 was not the present beneficiary under the first mortgage.

4.54.  Plaintiff is informed and believes that the 2013 Substitution is a false or forged document or instrument as anticipated by California Penal Code Sections 115, 115.5.

4.55.  Plaintiff is informed and believes that the procuring or filing of the 2013 Substitution is a felony pursuant to Cal. Penal Code Section 115(a), which "is punishable, in addition to any other punishment, by a fine not exceeding seventy-five thousand dollars ($75,000)" pursuant to Cal. Penal Code Section 115.5.

4.56.  Plaintiff is informed and believes that Defendants Ocwen, Nomura 2006-HE2, Western Progressive, and Heinichen are each guilty of a felony for procuring and filing the 2013 Substitution.

## Purported 2013 Notice of Sale was Void *ab initio*

4.57.  On or about April 9, 2013, a notice of trustee's sale was purportedly executed by Defendants Western and Jennings as purported successor trustee under the first mortgage's deed of trust purporting to set a date and time of foreclosure sale of May 17, 2013 at 9:30 a.m. ("2013 Notice of Sale").

4.58.  On April 2013, the 2013 Notice of Sale was recorded as instrument # 20130611591 by Defendants Ocwen, Nomura 2006-HE2, and Western.

4.59.  Plaintiff is informed and believes and thereon alleges that the 2013 Notice of Sale was void *ab initio* because Defendant Nomura 2006-HE2 was not the present beneficiary under the first mortgage's deed of trust and Defendant Western was not the successor trustee.

4.60.  Plaintiff is informed and believes that the 2013 Notice of Sale is a false or forged document or instrument as anticipated by California Penal Code Sections 115, 115.5.

4.61.  Plaintiff is informed and believes that the procuring or filing of the 2013 Notice of Sale is a felony pursuant to Cal. Penal Code Section 115(a), which "is punishable, in addition to any other punishment, by a fine not exceeding seventy-five thousand dollars ($75,000)" pursuant to Cal. Penal Code Section 115.5.

4.62.  Plaintiff is informed and believes that Defendants Ocwen, Nomura 2006-HE2, Western, and Jennings are each guilty of a felony for procuring and filing the 2013 Notice of Sale.

**Plaintiff Submitted Completed Loan Modification Application on Time**

4.63.   Plaintiff submitted a complete loan modification application on the first
        mortgage to Defendant Ocwen.

4.64.   Plaintiff detrimentally relied upon Defendant's statements pertaining to her
        submission of a complete application to not take any legal action to protect
        her home from foreclosure.

**Purported 2013 Foreclosure Sale was Void *ab initio***

4.65.   Without authority to do so, and despite the pending loan modification
        application, Defendant Western caused the Subject Property to be sold at a
        foreclosure auction on July 12, 2013.

4.66.   Plaintiff is informed and believes that Defendants Strategic, Baer, and
        Orozco contend that they acted as purchasing agents for ColFin. However,
        Plaintiff is informed and believes that there is no written agreement to this
        effect and therefore no agency to purchase real property existed under
        California's statute of frauds.

4.67.   Plaintiff is informed and believes and thereon alleges that Defendants
        ColFin, Strategic, Baer, and Orozco made an agreement that Strategic and
        ColFin would not bid against each other for the property. Plaintiff alleges
        that Defendants ColFin, Strategic, Baer, and Orozco acted in collusion with
        each other and possibly Defendants Nomura 2006-HE2, Ocwen, and
        Western.

4.68.   Plaintiff is informed and believes that Defendant Orozco was the actual
        bidder at the foreclosure auction and he took instructions from Defendant
        Baer by telephonic earpiece. This arrangement allowed Defendants Baer,

ColFin, and Strategic to rig their bidding and to collude between ColFin and Strategic and possibly other parties.

4.69. Plaintiff is informed and believe that Defendant Baer pretended that he was an officer for Defendant ColFin, but he never was. On or about August 28, 2013, Defendant Baer verified an initial unlawful detainer eviction action against the Plaintiff declaring under penalty of perjury according to the laws of the State of California: "I am an officer of Plaintiff [ColFin], and am authorized to make this verification on its behalf." Defendant Baer executed this verification at a time when he was not an officer of ColFin nor did he ever become one.

4.70. On August 19, 2013, the 2013 Trustee's Deed Upon Sale was recorded as instrument # 20131212422 by Defendants Western, Strategic, and ColFin. A true and correct copy is attached hereto as Exhibit 3.

4.71. Plaintiff is informed and believes and thereon alleges that the 2013 Trustee's Deed Upon Sale was void *ab initio* because Defendant Western had no authority to conduct any foreclosure sale.

4.72. Plaintiff is informed and believes and thereon alleges that the 2013 Trustee's Deed Upon Sale purporting to convey title to the property was materially altered before it was recorded, which also made it void *ab initio*. All price information was redacted from the 2013 Trustee's Deed Upon Sale before it was recorded and it indicates no value paid at foreclosure.

4.73. Plaintiff is informed and believes and thereon alleges that no corrected trustee's deed upon sale was recorded prior to the Plaintiff filing the instant bankruptcy.

//
//
//
//

## No Accounting of Foreclosure Proceeds

4.74.  Plaintiff is informed and believes and thereon alleges that Defendants
Western and Zieve distributed the foreclosure proceeds to pay on the first
mortgage and the second mortgage despite the void 2011 Assignment of the
first mortgage and a similar late void assignment in 2014 (after the
foreclosure sale) of the second mortgage.

4.75.  Defendants Western and Zieve have refused to provide an accounting upon
demand.

## Other Allegations

4.76.  Plaintiff is informed and believes and thereon alleges that the defendants
made the foreclosure sale with actual intent to hinder, delay or defraud other
creditors. Plaintiff is informed and believes and thereon alleges that the
foreclosure sale and transfer of the Subject Property and distribution of
foreclosure proceeds may be avoided as actually or constructively fraudulent
transfers. _BFP v. Resolution Trust Corp.,_ 511 U.S. 531, 535, 545-546 (1994).

4.77.  Plaintiff is informed and believes and thereon alleges that the Plaintiff as
Debtor may stand in the shoes of the Chapter 13 trustee to avoid the
foreclosure sale and transfer of the Subject Property and distribution of
foreclosure proceeds as fraudulent transfers. 11 U.S.C. §522(h); _In re
DeMarah_, 62 F.3d 1248, 1250 (9th Cir. 1995).

4.78.  Plaintiff is informed and believes and thereon alleges that the fair market
value of the Subject Property is reasonably estimated to be up to
$574,275.00.

4.79.  The Plaintiff is entitled to recover clear and quiet title to the Subject
Property or the full present value of the Subject Property.

4.80.  Plaintiff alleges that she is entitled to a homestead exemption of $100,000.00.

4.81.  Plaintiff alleges that she has one or more unsecured creditors.

4.82.  On April 19, 2016, Plaintiff's Chapter 13 plan was confirmed.

## V.

## CLAIMS FOR RELIEF

## 1.

## **Wrongful Foreclosure – Void Assignment First Mortgage**

[Against Defendants Nomura 2006-HE2, MERS, Ocwen, Western, Zieve, Morales, Cotton, Heinichen, Jennings, Pathammavong]

5.01.  Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.02.  Plaintiff alleges upon information and belief that Ownit did not assign the first mortgage to Defendant Nomura 2006-HE2.

5.03.  Plaintiff alleges upon information and belief that MERS had no authority to assign the first mortgage to Defendant Nomura 2006-HE2 after Ownit's Chapter 11 plan was confirmed.

5.04.  Plaintiff alleges upon information and belief that Defendant Nomura 2006-HE2 was prohibited by law from receiving transferred or assigned mortgages after April 28, 2008.

5.05.  Plaintiff alleges upon information and belief that the first mortgage was not transferred nor assigned to Defendant Nomura 2006-HE2 at any time before October 28, 2011.

5.06.  Plaintiff alleges upon information and belief that the purported 2011 Assign-

ment of the first mortgage by Defendants MERS and Morales was void *ab

initio*.

5.07.  Plaintiff alleges upon information and belief that Defendant Nomura 2006-

HE2 did not become the present beneficiary under the deed of trust of the

first mortgage in 2011 nor at any other time.

5.08.  Plaintiff alleges that foreclosure activities on the Subject Property, including

the 2012 Notice of Default, 2013 Substitution, the 2013 Notice of Sale, and

the 2013 foreclosure auction itself, were not authorized by any present bene-

ficiary under the deed of trust of the first mortgage. Civ.C. §2924(a)(6);

*Glaski v. Bank of America, N.A.*, 218 Cal.App.4th 1079 (5th Dist. 2013);

*Yvanova v. New Century Mortgage Corp.,* 62 Cal.4th 919 (2016).

5.09.  Plaintiff alleges that the foreclosure of the Subject Property was a wrongful

foreclosure.

5.10.  Plaintiff alleges that Defendants MERS, Nomura 2006-HE2, Ocwen, West-

ern, Zieve, Morales, Cotton, Heinichen, Jennings, and Pathammavong are

jointly and severally liable to Plaintiff for damages resulting from the

wrongful foreclosure of the Subject Property.

5.11.  Plaintiff alleges that Defendants MERS, Nomura 2006-HE2, Ocwen, West-

ern, Zieve, Morales, Cotton, Heinichen, Jennings, and Pathammavong are

jointly and severally liable to Plaintiff for damages resulting from the distri-

bution of the foreclosure proceeds for the first mortgage following wrongful

foreclosure of the Subject Property.

//

//

//

## 2.

### Unfair Competition Law – First Mortgage

[Against Defendants Nomura 2006-HE2, MERS, Ocwen, Western, Zieve, Morales, Cotton, Heinichen, Jennings, Pathammavong]

5.12.  Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.13.  Plaintiff alleges that the 2011 Assignment of First Mortgage, the 2012 Notice of Default, the 2013 Substitution, the 2013 Notice of Sale, and the 2013 Trustee's Deed Upon Sale and subsequent wrongful foreclosure activities were each false or forged documents and instruments and their procurement and recording were prohibited as felonies under Cal. Penal Code Sections 115, 115.5. *Generes v. Justice Court*, 106 Cal.App.3d 678, 681-682 (Cal. 3rd Dist. 1980) ("The [Section 115] crime is complete when the deed has been prepared so that 'upon its face it will have the effect of defrauding one who acts upon it as genuine.'"); *see also* Pen.C. §532(f)(a)(4).

5.14.  In performing these felonious acts, Defendants violated California Unfair Competition Laws.

5.15.  Plaintiff alleges that Defendants Nomura 2006-HE2, MERS, Ocwen, Western, Zieve, Morales, Cotton, Heinichen, Jennings, Pathammavong are jointly and severally liable under California Unfair Competition Laws to Plaintiff for damages resulting from the wrongful foreclosure of the Subject Property.

//

//

//

//

//

## 3.

## __Promissory Estoppel__

[Against Defendants Nomura 2006-HE2, Ocwen, Western]

5.16.  Plaintiff re-alleges and incorporates by reference the allegations set forth
       above as if fully set forth herein.

5.17.  Plaintiff alleges that she was told to make her first mortgage payments to
       loan servicer Defendant Ocwen and that she was told to apply for a loan
       modification of her first mortgage with Defendant Ocwen.

5.18.  Plaintiff alleges that she submitted a complete loan modification application
       to Defendant Ocwen on the first mortgage prior to the 2013 foreclosure sale.

5.19.  Plaintiff alleges that she relied upon statements made to her by employees of
       Defendant Ocwen that her completed loan modification application was in
       review and that no foreclosure would occur while her application was under
       review so that she did not take any other legal action to protect the Subject
       Property from foreclosure.

5.20.  Plaintiff alleges upon information and belief that Defendant Ocwen knew
       that she was detrimentally relying upon their statements that no foreclosure
       would take place while her completed loan modification application was be-
       ing reviewed.

5.21.  Plaintiff alleges upon information and belief that Defendants Ocwen and
       Western caused the foreclosure sale of the Subject Property despite Ocwen's
       statements that no foreclosure would occur while the application was being
       reviewed.

5.22.  Plaintiff alleges upon information and belief that the Subject Property was
       protected from foreclosure by promissory estoppel.

5.23.  Plaintiff alleges that Defendants Nomura 2006-HE2, MERS, Ocwen, West-
       ern are jointly and severally liable to Plaintiff for damages resulting from the

wrongful foreclosure of the Subject Property due to breach of promissory es-
toppel.

## 4.

### Disallow First Mortgage Claim

[Against Defendants Nomura 2006-HE2, Ocwen]

5.24.  Plaintiff re-alleges and incorporates by reference the allegations set forth
above as if fully set forth herein.

5.25.  Plaintiff alleges that there is no present beneficiary under the deed of trust of
the first mortgage entitled to enforce the obligation.

5.26.  Plaintiff alleges that the first mortgage claim, if asserted, must be disal-
lowed.

## 5.

### Void Assignment – Second Mortgage

[Against Defendants MERS, Terwin 2006-8, Specialized, Western, Zieve,
Mathews]

5.27.  Plaintiff re-alleges and incorporates by reference the allegations set forth
above as if fully set forth herein.

5.28.  Plaintiff alleges upon information and belief that Ownit did not assign the
second mortgage.

5.29.  Plaintiff alleges upon information and belief that Defendant Terwin 2006-8
was prohibited by law from receiving transferred or assigned mortgages af-
ter December 31, 2008.

5.30.  Plaintiff alleges upon information and belief that the second mortgage was not transferred nor assigned to Defendant Terwin 2006-8 at any time before December 30, 2013.

5.31.  Plaintiff alleges upon information and belief that the purported 2014 Assignment of the second mortgage by Defendant Mathews on behalf of Defendant MERS as nominee for Defendant Ownit to Defendant Nomura 2006-HE2 was void *ab initio* because Defendant Terwin 2006-8 was prohibited by law from receiving transferred or assigned mortgages at any time after two years after its closing date.

5.32.  Plaintiff alleges upon information and belief that Defendant Terwin 2006-8 did not become the present beneficiary under the deed of trust of the second mortgage in 2014 nor at any other time.

5.33.  Plaintiff alleges that Defendants Terwin 2006-8 and Specialized were not entitled to receive payments on the second mortgage and they were not entitled to receive proceeds from the 2013 foreclosure sale.

5.34.  Plaintiff alleges that Defendants Ownit, LSI, MERS, Terwin 2006-8, Mathews, Specialized, and Zieve are jointly and severally liable to Plaintiff for damages resulting from the wrongful receipt of foreclosure sale proceeds.

## 6.

## <u>Unfair Competition Law – Second Mortgage</u>

[Against Defendants MERS, Terwin 2006-8, Specialized, Western, Zieve, Mathews]

5.35.  Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.36.  Plaintiff alleges that the 2014 Assignment of Second Mortgage was a false or forged document and instrument and its procurement and recording were prohibited as felonies under Cal. Penal Code Sections 115, 115.5. *Generes v. Justice Court*, 106 Cal.App.3d 678, 681-682 (Cal. 3rd Dist. 1980) ("The [Section 115] crime is complete when the deed has been prepared so that 'upon its face it will have the effect of defrauding one who acts upon it as genuine.'"); *see also* Pen.C. §532(f)(a)(4).

5.37.  In performing these felonious acts, Defendants violated California Unfair Competition Laws.

5.38.  Plaintiff alleges that Defendants MERS, Terwin 2006-8, Specialized, Western, Zieve, Mathews are jointly and severally liable under California Unfair Competition Laws to Plaintiff for damages resulting from the distribution of foreclosure proceeds following the wrongful foreclosure of the Subject Property.

**7.**

**Disallow Second Mortgage Claim**

[Against Defendants Terwin 2006-8, Specialized]

5.39.  Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.40.  Plaintiff alleges that there is no present beneficiary under the deed of trust of the second mortgage entitled to enforce the obligation.

5.41.  Plaintiff alleges that the second mortgage claim, if asserted, must be disallowed.

//

//

**8.**

## Accounting of Foreclosure Proceeds

[Against Defendants Nomura 2006-HE2, Ocwen, Terwin 2006-8, Specialized, Western, Zieve]

5.42.  Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.43.  Plaintiff alleges that she has made demand upon Defendants Western and Zieve to provide an accounting of the foreclosure proceeds and their distribution and her demand has been rejected.

5.44.  Plaintiff alleges upon information and belief that the foreclosure proceeds may have been distributed to Defendants Nomura 2006-HE2, Ocwen, Terwin 2006-8, Specialized, Western and Zieve.

5.45.  Plaintiff alleges that Defendants Nomura 2006-HE2, Ocwen, Terwin 2006-8, Specialized, Western and Zieve must be ordered to provide an accounting of the foreclosure proceeds to the Plaintiff and to the Chapter 13 Trustee.

**9.**

## Turn Over Foreclosure Proceeds

[Against Defendants Nomura 2006-HE2, Ocwen, Terwin 2006-8, Specialized, Western, Zieve]

5.46.  Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.47.  Plaintiff alleges that the foreclosure proceeds constitute property of the bankruptcy estate and the foreclosure proceeds must be turned over to the bankruptcy estate.

5.48.   Plaintiff alleges upon information and belief that the foreclosure proceeds may have been distributed to Defendants Nomura 2006-HE2, Ocwen, Terwin 2006-8, Specialized, Western and Zieve.

5.49.   Plaintiff alleges that Defendants Nomura 2006-HE2, Ocwen, Terwin 2006-8, Specialized, Western and Zieve must be ordered to turn over any distribution they received at any time from the foreclosure proceeds to the bankruptcy estate in care of the Plaintiff or the Chapter 13 Trustee.

## 10.
## Collusion and Bid-Rigging

[Against Defendants ColFin, Strategic, Western, Baer, Orozco]

5.50.   Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.51.   Plaintiff alleges upon information and belief that Defendants ColFin, Strategic, Baer, Orozco, Western made an agreement to collude with each other or other parties on the bid price for the Subject Property at the foreclosure auction or made agreements with each other or with other parties for other parties not to bid on the Subject Property.

5.52.   Plaintiff alleges upon information and belief that Defendants Strategic, Baer, Orozco were never authorized purchasing agents for ColFin because there never was a written agreement to purchase real property for ColFin.

5.53.   Plaintiff alleges upon information and belief that such collusion violates California and federal statutes.

//
//
//

## 11.

## Declare 2013 Trustee's Deed Upon Sale recorded Void *ab initio*

[Against Defendants ColFin, Strategic, Western, Baer, Orozco, Pathammavong]

5.54.  Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.55.  Plaintiff alleges upon information and belief that a valid trustee's deed upon sale was not delivered to Defendants ColFin, Baer, Strategic or Orozco following the 2013 foreclosure sale.

5.56.  Plaintiff alleges that the documents and instruments leading up to the foreclosure auction were void and illegal and therefore the 2013 trustee's deed upon sale was also void.

5.57.  Plaintiff alleges upon information and belief that a purported trustee's deed upon sale was materially altered by one or more of the defendants, or an agent or agents of one or more of the defendants, or a person unknown, before it was recorded as instrument # 20131212422 on August 19, 2013. The material alteration of the deed before its recording effected the legal rights and interests of the parties to the deed and therefore the deed that was recorded was void *ab initio*. *Lin v. Coronado*, 232 Cal.App.4th 696, 703-704 (Cal. App. 2nd Dist. 2014).

5.58.  Plaintiff alleges that the court must declare that the 2013 Trustee's Deed Upon Sale recorded as instrument # 20131212422 on August 19, 2013 is a void instrument and it does not convey any interest in the Subject Property.

5.59.  Plaintiff alleges that Defendants ColFin, Strategic, Western, Baer, Orozco, Pathammavong are jointly and severally liable to the Plaintiff for damages resulting from the void instrument.

## 12.

## Avoid Correction of Void Trustee's Deed Upon Sale [§544(a)(3)]

[Against Defendants ColFin, Strategic, Western, Baer, Orozco]

5.60.  Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.61.  "The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by – … (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3) (subsections (a)(1), (a)(2) omitted).

5.62.  "[P]roperty acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case." 11 U.S.C. § 552(a).

5.63.  Plaintiff alleges that Plaintiff's title to the Subject Property is superior to all other claims.

5.64.  Plaintiff alleges that she stands in the shoes of the Chapter 13 trustee on behalf of a hypothetical unsecured creditor, and at least one actual unsecured creditor, as "a bona fide purchaser of real property" to avoid the transfer of the debtor's real property.

5.65.  Plaintiff alleges that no defendant nor anyone has a perfected deed or instrument conveying title of the Subject Property, nor is anyone entitled to such an instrument.

5.66.  Plaintiff alleges that the court must enjoin the defendants and anyone else from executing or recording a replacement trustee's deed upon sale from the 2013 foreclosure sale.

5.67.  Plaintiff alleges that no pre-petition security interest applies to the Subject Property.

5.68.  Plaintiff alleges that the court must enjoin the defendants and anyone else from executing or recording a pre-petition security interest applicable to the Subject Property.

## 13.

### Avoid Foreclosure as actually fraudulent transfer [§548(a)(1)]

[Against Defendants ColFin, Strategic, Western, Baer, Orozco]

5.69.  Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.70.  "The trustee may avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily – (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted." 11 U.S.C. § 548(a)(1)(A).

5.71.  "Section 548 of the Bankruptcy Code, 11 U.S.C. §548, sets forth the powers of a trustee in bankruptcy (or, in a Chapter 11 case, a debtor in possession) to

avoid fraudulent transfers." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 535 (1994) (footnote omitted).

5.72.  "Section 548 applies to any "transfer," which includes "foreclosure of the debtor's equity of redemption. 11 U.S.C. § 101(54) (1988 ed., Supp. IV)." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 535 (1994).

5.73.  Foreclosure sales are subject to attack under both theories of fraudulent transfer, especially actually fraudulent transfers made with intent to hinder, delay, or defraud other creditors of the Debtor. *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 545-546 (1994) ("Although *collusive* foreclosure sales are likely subject to attack under § 548(a)(1), which authorizes the trustee to avoid transfers 'made … with actual intent to hinder, delay, or defraud' creditors, that provision may not reach foreclosure sales that, while not intentionally fraudulent, nevertheless fail to comply with all governing state laws. Cf. 4 L. King, Collier on Bankruptcy P548.02, p. 548-35 (15th ed. 1993)(contrasting subsections (a)(1) and (a)(2)(A) of §548.) Any irregularity in the conduct of the sale that would permit judicial invalidation of the sale under applicable state law deprives the sale price of its conclusive force under §548(a)(2)(A), and the transfer may be avoided if the price received was not reasonably equivalent to the property's actual value at the time of the sale (which we think would be the price that would have been received if the foreclosure sale had proceeded according to law).")

5.74.  "The debtor may avoid a transfer of property of the debtor […] to the extent that the debtor could have exempted such property under subsection (g)(1) of this section [522] if the trustee had avoided such transfer, if (1) such transfer is avoidable by the trustee under section 544, […] 548, 549, […] of this title […]; and (2) the trustee does not attempt to avoid such transfer." 11

U.S.C. § 522(h). "[T]he debtor may exempt under subsection (b) of this section [522] property that the trustee recovers under section […] 542, 543, 550, 551, […] of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section [522] if such property had not been transferred, if – (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property." 11 U.S.C. § 522(g)(1).

5.75.   "[A]n individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection [522(b)]." 11 U.S.C. § 522(b)(1). See generally *In re Cohen*, 305 B.R. 886, 897 (BAP 9th Cir. 2004).

5.76.   "In general, the Bankruptcy Code authorizes a debtor to exempt certain property from the bankruptcy estate so that it may not be reached by the trustee in bankruptcy. *See* 11 U.S.C. § 522. Section 522(h) allows the debtor to avoid certain transfers of exempt property. The debtor must meet five conditions in order to do so: (1) the transfer cannot have been a voluntary transfer of property by the debtor; (2) the debtor cannot have concealed the property; (3) the trustee cannot have attempted to avoid the transfer; (4) the debtor must exercise an avoidance power usually used by the trustee that is listed within § 522(h); and (5) the transferred property must be of a kind that the debtor would have been able to exempt from the estate if the trustee (as opposed to the debtor) had avoided the transfer pursuant to one of the statutory provisions in § 522(g). *See* 11 U.S.C. §§ 522(g) and (h)." *In re DeMarah*, 62 F.3d 1248, 1250 (9th Cir. 1995).

5.77.   "Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in

the alternative, paragraph (3) of this subsection." 11 U.S.C. § 522(b)(1).
"Pursuant to the authority of paragraph (2) of subsection (b) of Section 522
of Title 11 of the United States Code, the exemptions set forth in subsection
(d) of Section 522 of Title 11 of the United States Code (Bankruptcy) are not
authorized in this state." Cal. Code Civ. Pro. § 703.130.

5.78.  "In a case under Title 11 of the United States Code, all of the exemptions
provided by this chapter, including the homestead exemption, other than the
provisions of subdivision (b) are applicable regardless of whether there is a
money judgment against the debtor or whether a money judgment is being
enforced by execution sale or any other procedure, but the exemptions pro-
vided by subdivision (b) may be elected in lieu of all other exemptions pro-
vided by this chapter,…" Cal. Code Civ. Pro. § 703.140(a).

5.79.  As to the Subject Property, therefore, the Plaintiff-Debtor may elect to ex-
empt it under Article 4.  Homestead Exemption – Cal. Code Civ. Pro. §
704.710 et seq. – or under the so-called "wildcard" exemption of subsection
703.140(b)(1), (5).

5.80.  The Plaintiff-Debtor has elected the Homestead Exemption.

5.81.  Plaintiff is married and her spouse is not on title and so she is entitled to a
homestead exemption of $100,000.00.

5.82.  No one has timely objected to Plaintiff's claim for homestead exemption.

5.83.  Plaintiff alleges that the foreclosure sale was not voluntary as to the Plain-
tiff-Debtor.

5.84.  Plaintiff alleges that the Plaintiff-Debtor did not conceal the property on the
bankruptcy schedules filed in this case or any prior bankruptcy case.

5.85.  Plaintiff alleges upon information and belief that the Chapter 13 trustee has
not and will not avoid the foreclosure sale.

5.86.  Sections 544, 548 are included amongst the enumerated sections within section 522(h).

5.87.  Plaintiff alleges that the Plaintiff-Debtor would have been able to exempt the real property under the homestead exemption or the wild-card exemption. Plaintiff alleges that the Plaintiff has scheduled the homestead exemption on Schedule C filed with her bankruptcy schedules.

5.88.  Plaintiff alleges that she may stand in the shoes of the Chapter 13 trustee to avoid fraudulent transfers.

5.89.  Plaintiff alleges that Defendants Ownit, Nomura 2006-HE2 and Ocwen were not entitled to any payments or foreclosure proceeds from the first mortgage. Plaintiff alleges that defendants caused the 2013 foreclosure sale with actual intent to delay, hinder, or defraud Plaintiff's other creditors because the foreclosure sale deprived the Plaintiff of her largest and most valuable asset.

5.90.  Plaintiff alleges that the court must order that the 2013 foreclosure sale is avoided because it was an actually fraudulent transfer.

## 14.

## Avoid Foreclosure as actually fraudulent transfer [§544(b)(1), Civ.C. §3439.04(a)(1)]

[Against Defendants ColFin, Strategic, Western, Baer, Orozco]

5.91.  Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.92.  The BFP holding logically also applies to Section 544(b)(1) to give the trustee "strong-arm" powers to apply California's Uniform Fraudulent Transfer Act under Cal. Civ. Code § 3439.01 et seq.

5.93.  "[T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title." 11 U.S.C. § 544(b)(1). "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows: (1) With actual intent to hinder, delay, or defraud any creditor of the debtor." Cal. Civ. C. § 3439.04(a).

5.94.  The Plaintiff-Debtor has elected the Homestead Exemption.

5.95.  Plaintiff is married and her spouse is not on title and so she is entitled to a homestead exemption of $100,000.00.

5.96.  No one has timely objected to Plaintiff's claim for homestead exemption.

5.97.  Plaintiff alleges that the foreclosure sale was not voluntary as to the Plaintiff-Debtor.

5.98.  Plaintiff alleges that the Plaintiff-Debtor did not conceal the property on the bankruptcy schedules filed in this case or any prior bankruptcy case.

5.99.  Plaintiff alleges upon information and belief that the Chapter 13 trustee has not and will not avoid the foreclosure sale.

5.100. Sections 544, 548 are included amongst the enumerated sections within section 522(h).

5.101. Plaintiff alleges that the Plaintiff-Debtor would have been able to exempt the real property under the homestead exemption or the wild-card exemption. Plaintiff alleges that the Plaintiff has scheduled the homestead exemption on Schedule C filed with her bankruptcy schedules.

5.102. Plaintiff alleges that she may stand in the shoes of the Chapter 13 trustee to avoid fraudulent transfers.

5.103. Plaintiff alleges that Defendants Nomura 2006-HE2 and Ocwen were not entitled to any payments or foreclosure proceeds from the first mortgage and that no Defendant was authorized to conduct the foreclosure.

5.104. Plaintiff alleges that defendants caused the 2013 foreclosure sale with actual intent to delay, hinder, or defraud Plaintiff's other creditors because the foreclosure sale deprived the Plaintiff of her largest and most valuable asset.

5.105. Plaintiff alleges upon information and belief that Defendants ColFin, Strategic, Western, Baer and Orozco colluded to rig the bid at auction.

5.106. Plaintiff alleges that the court must order that the 2013 foreclosure sale is avoided because it was an actually fraudulent transfer.

## 15.

### Avoid Foreclosure as constructively fraudulent transfer [§548(a)(2)]

[Against Defendants ColFin, Strategic, Western, Baer, Orozco]

5.107. Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.108. Plaintiff alleges that there is substantial evidence in the public record of irregularities in the nonjudicial foreclosure proceedings leading up to the foreclosure auction.

5.109. Plaintiff alleges that the foreclosure sale resulted in much less than reasonably equivalent value in that Plaintiff received no benefit from the sale as no Defendant was authorized to collect payment from her.

5.110. Plaintiff was insolvent at the time of the sale.

5.111. Plaintiff alleges that the court must order that the 2013 foreclosure sale is avoided because it was a constructively fraudulent transfer.

## 16.

## Avoid Foreclosure as constructively fraudulent transfer [§544(b)(1), Civ.C. §§3439.04(a)(2), 3439.05]

[Against Defendants ColFin, Strategic, Western, Baer, Orozco]

5.112. Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.113. Plaintiff alleges that there is substantial evidence in the public record of irregularities in the nonjudicial foreclosure proceedings leading up to the foreclosure auction.

5.114. Plaintiff alleges that the foreclosure sale resulted in much less than reasonably equivalent value in that Plaintiff received no benefit from the sale as no Defendant was authorized to collect payment from her.

5.115. Plaintiff was insolvent at the time of the sale.

5.116. Plaintiff alleges that the court must order that the 2013 foreclosure sale is avoided because it was a constructively fraudulent transfer.

## 17.

## Recover Real Property and Quiet Title

[Against All Defendants and All Others]

5.117. Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

5.118. "[T]o the extent that a transfer is avoided under section 544, […] 548, 549, […] of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made: or (2) any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a).

5.119. "Any transfer avoided under section 522, 544, […] 548, 549, […] of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate." 11 U.S.C. § 551.

5.120. The recovered real property is property of the bankruptcy estate. 11 U.S.C. § 541(a) (e.g., "(3) Any interest in property that the trustee recovers under section […] 543, 550 […] of this title. (4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section […] 551 of this title."), 11 U.S.C. § 1306(a)(1) ("Property of the estate includes, in addition to the property specified in section 541 of this title – (1) all property of the kind specified in such section [541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.")

5.121. This court may quiet title to the Subject Property. "[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. §2201.

5.122. Plaintiff alleges that the court must order the Subject Property recovered to the bankruptcy estate.

5.123. Plaintiff alleges that the court must order title to the Subject Property quieted to the Plaintiff and/or the bankruptcy estate.

## VI.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for legal and equitable relief against Defendants, and each of them, as follows:

(1)    Order this court has jurisdiction over this adversary proceeding;

(2)    Find and conclude that a foreclosure sale may be avoided if it is a fraudulent transfer;

(3)    Find and conclude that a debtor may act as a trustee to avoid a fraudulent transfer;

(4)    Find and conclude that the subject foreclosure sale failed to comply with all governing state laws;

(5)    Find and conclude that the subject foreclosure sale was made with actual intent to hinder, delay, or defraud creditors;

(6)    Avoid the foreclosure sale of the subject property;

(7)    Recover the subject property to the bankruptcy estate;

(8)    Order title to the subject property quieted to the bankruptcy estate;

(9)    Enforce automatic turnover and order ejectment of other parties;

(10)   Find and conclude that the homestead exemption in the amount of $100,000.00 applies to the recovered Subject Property;

(11)    Find and conclude that no pre-petition security interest applies to the Subject Property;

(12)    Find and conclude that the Initial Transferee may not recover any value from the Plaintiff-Debtor or the bankruptcy estate;

(13)    Find and conclude that the Initial Transferee may not acquire any lien on the Subject Property;

(14)    Order a temporary and permanent injunction preventing any of the Defendants from transferring the Subject Property to a third party;

(15)    Find and conclude that none of the three unlawful detainer actions were valid;

(16)    Find and conclude that the third unlawful detainer action violated the bankruptcy automatic stay;

(17)    For general damages in a sum according to proof;

(18)    For special damages, including consequential and incidental damages, in a sum according to proof;

(19)    For attorney's fees and costs as allowed by law;

(20)    For punitive damages as allowed by law;

(21)    For statutory damages as allowed by law;

(22)    For interest as allowed by law; and

(23)    For such other legal and equitable relief as this Court deems just and proper.


Date: May 26, 2016            By:    /s/ PHILIP KOEBEL

                                      Philip E. Koebel, Esq.

                                      Attorney for Plaintiff

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**PO BOX 94799, PASADENA, CA  91109 -- 1015 N. LAKE AVE., STE. 210, PASADENA, CA  91104**

A true and correct copy of the document(s) entitled (*specify*):

**FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF:
[17 CLAIMS FOR RELIEF]**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **_____05/26/2016_____**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) **_____05/26/2016___** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**HON. MARTIN BARASH, USBC–CDCA, 21041 Burbank Blvd., 3rd Fl., Woodland Hills, CA 91367-6606
DEBTOR: SILVIA VENEGAS, 7443 Gaviota Ave., Van Nuys, CA 91406**

☐  Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR
EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____, I served** the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/26/2016 | PHILIP KOEBEL | /s/ PHILIP KOEBEL |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# Mailing Information for Case 1:16-ap-01054-MB

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Harris L Cohen**    hcohen00@aol.com
- **Christopher L Dueringer**    cldueringer@bryancave.com, christine.kehlenbeck@bryancave.com
- **Philip E Koebel**    ecfpek@gmail.com, G32565@notify.cincompass.com
- **Abel Ortiz**    Abel.ortiz@kts-law.com, holly.stewart@kts-law.com;tatiana.harris@kts-law.com;jaclyn.hunter@kts-law.com;danielle.glidden@kts-law.com
- **Elizabeth (SV) F Rojas (TR)**    cacb_ecf_sv@ch13wla.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Deutsche Bank National Trust Co. as Trustee for Terwin Mortgage Trust Series 2006-8**
, CA

**Chris Heinichen**
, FL

**LSI Chicago Title**
,

**Law Offices of Les Zieve**
, CA

**Robin Mathews**
, TX

**Noemi Morales**
, FL

**Ownit Mortgage Solutions Inc.**
,

**Sean Pathammavong**
, GA

**Specialized Loan Servicing LLC**
,

# EXHiBiT   1



**This page is part of your document - DO NOT DISCARD**



# 20111498068



**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**11/04/11 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**L E A D S H E E T**



201111040170004

00004907955



003602657

**SEQ:**
**19**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

t79

11/04/2011

*20111498068*

Prepared by: Nadine Alvarez
Ocwen Loan Servicing,LLC
1661 Worthington Road, Suite 100
West Palm Beach, Florida, 33409
Phone Number: 561-682-8835
67626978115
Attorney Code: 24110
MIN: 100224610000907836
MERS Ph.#: (888) 679 – 6377

2011 -14787

244999

## ASSIGNMENT OF DEED OF TRUST
## CALIFORNIA

This **ASSIGNMENT OF DEED OF TRUST** from **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.(MERS)**, as nominee for **OWNIT MORTGAGE SOLUTIONS, INC.**, whose address PO Box 2026 Flint, MI 48501-2026, its successors and assigns, ("Assignor) to **HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-HE2**, whose address is c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, Florida, 33409, (Assignee) its successors and assigns, all its rights, title and interest in and to a certain mortgage duly recorded in the Office of the County Recorder of **LOS ANGELES** County, State of **CALIFORNIA**, as follows;

Trustor: SILVIA VENEGAS
Trustee: LSI CHICAGO TITLE
Beneficiary: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR OWNIT MORTGAGE SOLUTIONS, INC.
Document Date: OCTOBER 27, 2005
Amount: $ 468,000.00
Date Recorded: NOVEMBER 15, 2005
Document/Instrument/Entry Number: 05 2745134
Property Address: 7443 GAVIOTA VENUE (VAN NUYS AREA), LOS ANGELES, CA

*Property more particularly described in the above referenced recorded Deed of Trust*

-19

*3*

This Assignment is made without recourse, representation or warranty.

DATED: OCTOBER 28, 2011.

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**
**(MERS)**
BY: _____
NAME: Noemi Morales
TITLE:  Assistant Secretary

State of FLORIDA
County of PALM BEACH                    Leticia N. Arias

On OCTOBER 28, 2011, before me, _____ personally Noemi Morales personally known to me
to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of Florida that the foregoing
paragraph is true and correct.**

WITNESS my hand and official seal.

_____
Signature of Notary –                    Leticia N. Arias

NOTARY PUBLIC STATE OF FLORIDA
Leticia N. Arias
Commission #DD737904
Expires.   NOV. 29, 2011
BONDED THRU ATLANTIC BONDING CO. INC



This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

JUN 1 2 2015

Dean C. Logan  REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

# EXHiBiT 2



**This page is part of your document - DO NOT DISCARD**





# 20140031297

Pages:
0002

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**01/10/14 AT 11:07AM**

| | |
|---|---:|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



**L E A D S H E E T**



201401102870046

00008742118



005976602

**SEQ:**
**01**

DAR - Mail (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

E485612

2

Recording Requested by: M. E. Wileman



01/10/2014
*20140031297*

PLEASE FORWARD RECORDED DOCUMENT TO:
DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS INDENTURE TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE TERWIN MORTGAGE TRUST
2006-8, ASSET-BACKED SECURITIES, SERIES
2006-8
c/o M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092

### Assignment of Deed of Trust

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")**
**AS NOMINEE FOR OWNIT MORTGAGE SOLUTIONS, INC., A CALIFORNIA CORPORATION ITS**
**SUCCESSORS AND ASSIGNS P.O. Box 2026, Flint, MI 48501-2026 (Assignor)** by these presents does assign and set over,
without recourse, to **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, ON BEHALF**
**OF THE HOLDERS OF THE TERWIN MORTGAGE TRUST 2006-8, ASSET-BACKED SECURITIES, SERIES 2006-**
**8 c/o Specialized Loan Servicing, LLC, 8742 Lucent Blvd, Ste 300, Highlands Ranch, CO 80129 (Assignee)** the described
deed of trust with all interest, all liens, any rights due or to become due thereon, executed by SILVIA VENEGAS, A
MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY to MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. ('MERS') AS NOMINEE FOR OWNIT MORTGAGE SOLUTIONS, INC., A CALIFORNIA
CORPORATION ITS SUCCESSORS AND ASSIGNS.  Trustee: LSI CHICAGO TITLE  Said deed of trust Dated: 10/27/2005
is recorded in the **State of CA, County of Los Angeles on 11/15/2005, Document 05 2745135 AMOUNT: $ 117,000.00**
Property Address: 7443 GAVIOTA AVENUE (VAN NUYS AREA) LOS ANGELES, CA 91406

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed as a sealed instrument by
its proper officer.  Executed on:  December 30, 2013
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR OWNIT MORTGAGE
SOLUTIONS, INC., A CALIFORNIA CORPORATION ITS SUCCESSORS AND ASSIGNS

By: _____

Robin Mathews, Assistant Secretary

VENEGAS   FDH *12095503*

State of Texas, County of Tarrant
　　　Before me, K. M. Lynn, Notary Public, personally appeared, Robin Mathews, Assistant Secretary known to me to be the
person(s) whose name(s) is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the
purposes and consideration therein expressed.
Given under my hand and seal of office on 12/30/2013.

K. M. LYNN
Notary Public, State of Texas
My Commission Expires
October 18, 2014

Notary public, K. M. Lynn
My commission expires: October 18, 2014

1001376491 MIN 100224610000907844 MERS Phone

888-679-6377

CA  Los Angeles

SLS/ASMT/TMTS#152

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

JUN 1 2 2015

Dean C. Logan, REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

REGISTRAR-RECORDER/COUNTY CLERK · COUNTY OF LOS ANGELES · CALIFORNIA

# EXHiBiT 3



**This page is part of your document - DO NOT DISCARD**



# 20131212422



**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**08/19/13 AT 08:00AM**

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | NFFR |
| OTHER: | 0.00 |
| PAID: | NFFR |



**L E A D S H E E T**



201308190270001

**00008181038**



005712592

**SEQ:**
**01**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

T21

FIDELITY - VAN NUYS

2

RECORDING REQUESTED BY:
Western Progressive, LLC

AND WHEN RECORDED TO:
COLFIN AI-CA 5, LLC
9305 E. Via de Ventura Suite 201
Scottsdale, AZ 85250
Attn: Leah Sakas

Forward Tax Statements to
the address given above



08/19/2013

*20131212422*

SPACE ABOVE LINE FOR RECORDER'S USE

TS #: 2011-14787
Loan #: 6269781

Order #: 1110-CA-244999

# TRUSTEE'S DEED UPON SALE

A.P.N.: 2206-021-018                    Transfer Tax:

The Grantee Herein was not the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was
The Amount Paid by the Grantee was $
Said Property is in the City of LOS ANGELES, County of Los Angeles

**NOT FOR
PUBLIC RECORDS**

**Western Progressive, LLC,** as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**COLFIN AI-CA 5, LLC**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Los Angeles, State of California,** described as follows:

LOT 71 OF TRACT NO. 13864, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 282, PAGE 13 AND 14 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
COMMONLY KNOWN AS: 7443 GAVIOTA AVENUE, VAN NUYS, CA 91406
This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by SILVIA VENEGAS, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY as Trustor, dated 10/27/2005 of the Official Records in the office of the Recorder of Los Angeles, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on 11/15/2005, instrument number 05 2745134, Book ---, Page --- and rerecorded on --- as --- of official records. Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

3

# TRUSTEE'S DEED UPON SALE

TS #: 2011-14787
Loan #: 6269781
Order #: 1110-CA-244999

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 7/12/2013. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being $390,000.00, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **Western Progressive, LLC**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: 7/25/2013

Western Progressive, LLC

By: _____

Sean Pathammavong Trustee Sale Officer

STATE OF Georgia
COUNTY OF Dekalb

On July 25, 2013 before me, Tunisha Jennings notary public, Personally appeared Sean Pathammavong, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Tunisha Jennings



This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

JUN 12 2015

REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA